Filed 10/15/14  P. v. Acosta CA4/2

## NOT TO BE PUBLISHED IN OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>DANIEL ACOSTA,<br><br>    Defendant and Appellant. | E061301<br><br>(Super.Ct.No. FNE003736)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Michael A. Smith, Judge.  (Retired judge of the San Bernardino Super. Ct. assigned by the Chief Justice pursuant to art. VI, § 6 of the Cal. Const.)  Affirmed.

Leslie A. Rose, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

Defendant and appellant Daniel Acosta appeals from an order denying his petition for recall of his indeterminate life term under Penal Code section 1170.126, subdivision (f).[1]  We will affirm the order.

I

BACKGROUND

On January 12, 2005, defendant pled guilty to one count of committing a lewd act upon a child under the age of 14 (§ 288, subd. (a)) as alleged in count 7 of the information.  Defendant also admitted that he had suffered two prior strike convictions (§§ 667, subds. (b)-(i), 1170.12, subds. (a)-(d)) for first making criminal threats in 1994 and 1999.  In return, the remaining 16 charges and enhancement allegations were dismissed.  On June 13, 2005, the trial court sentenced defendant to a total indeterminate term of 25 years to life in state prison with credit for time served.

On November 6, 2012, the electorate passed Proposition 36, also known as the Three Strikes Reform Act.  Among other things, this ballot measure enacted section 1170.126, which permits persons currently serving an indeterminate life term under the Three Strikes law to file a petition in the sentencing court, seeking to be resentenced to a determinate term as a second striker.  (§ 1170.126, subd. (f).)  If the trial court determines, in its discretion, that the defendant meets the criteria of section 1170.126, subdivision (e), the court may resentence the defendant.  (§ 1170.126, subds. (f), (g).)

_____

[1]  All future statutory references are to the Penal Code unless otherwise stated.

2

Section 1170.126, subdivision (e), provides, as pertinent here, that a defendant is eligible for resentencing if he or she is serving an indeterminate term of life imprisonment imposed pursuant to paragraph (2) of subdivision (e) of section 667 or subdivision (c) of section 1170.12 "for a conviction of a felony or felonies that are not defined as serious and/or violent felonies by subdivision (c) of Section 667.5 or subdivision (c) of Section 1192.7." (§ 1170.126, subd. (e)(1).)

On March 21, 2014, defendant filed a petition for resentencing under section 1170.126. The trial court denied the petition on May 27, 2014, finding defendant ineligible for resentencing under section 1170.126, subdivision (e), due to his current commitment offense of Penal Code section 288, subdivision (a), which is defined as a serious/or violent felony. Defendant filed a timely notice of appeal.[2]

II

---

[2] The appealability of the denial of a section 1170.126 petition is currently being considered by the Supreme Court. (See, e.g., *Teal v. Superior Court* (2013) 217 Cal.App.4th 308, review granted July 31, 2013, S211708 [court held it was not appealable]; *People v. Hurtado* (2013) 216 Cal.App.4th 941, review granted July 31, 2013, S212017 [court held it was appealable].) Even if we were to conclude it was a nonappealable order, we could, in the interest of judicial economy and because of uncertainty in the law, treat defendant's appeal as a petition for writ of habeas corpus or petition for writ of mandate. (See *People v. Segura* (2008) 44 Cal.4th 921, 928, fn. 4 [treating appeal from nonappealable order as petition for writ of habeas corpus]; *Drum v. Superior Court* (2006) 139 Cal.App.4th 845, 852-853 [Fourth Dist., Div. Two] [treating appeal as petition for writ of mandate due to uncertainty in the law].) In *People v. Leggett* (2013) 219 Cal.App.4th 846, 854, the appellate court expressed that when a trial court must determine whether the prior convictions qualify under the resentencing provision, such issue is appealable. We will review defendant's appeal.

3

DISCUSSION

We appointed counsel to represent defendant on appeal. After examination of the record, counsel has filed a brief under the authority of *People v. Wende* (1979) 25 Cal.3d 436 and *Anders v. California* (1967) 386 U.S. 738, setting forth a statement of the case, a summary of the facts and potential arguable issues, and requesting this court conduct an independent review of the record.

We offered defendant an opportunity to file a personal supplemental brief, but he has not done so. Proposition 36 added section 1170.126, which applies exclusively to those "persons presently serving an indeterminate term of imprisonment pursuant to paragraph (2) of subdivision (e) of Section 667 or paragraph (2) of subdivision (c) of Section 1170.12, whose sentence under this act would not have been an indeterminate life sentence." (§ 1170.126, subd. (a).) Section 1170.126 sets forth a procedure through which certain prisoners can petition the court for resentencing. Such a person may file a petition to recall his or her sentence and be sentenced as a second strike offender. (§ 1170.126, subd. (b).) An inmate is eligible for such resentencing if none of his or her commitment offenses constitute serious or violent felonies and none of the enumerated factors disqualifying a defendant for resentencing under Proposition 36 apply. (§ 1170.126, subd. (e).) Here, defendant's current commitment offense of committing a lewd act upon a child under the age of 14 in violation of section 288, subdivision (a), is a serious and violent felony as defined in section 667.5, subdivision (c), and

4

section 1192.7, subdivision (c).  Defendant was therefore ineligible for resentencing under section 1170.126.

Pursuant to the mandate of *People v. Kelly* (2006) 40 Cal.4th 106, we have independently reviewed the record for potential error and find no arguable issues.

III

DISPOSITION

The order denying defendant's petition to recall his sentence is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

RAMIREZ
P. J.

We concur:


KING
J.


MILLER
J.